Jorge Luis **RIVASPLATA–PECHO,** Petitioner,

v.

**Alberto R. GONZALES, Attorney General,** Respondent.

No. 05–73116.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 12, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John E. Cunningham, II, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

### MEMORANDUM **

Jorge Luis Rivasplata–Pecho, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals'

("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility finding. Rivasplata–Pecho's testimony was inconsistent with his asylum application regarding the reason for the Shining Path's threatening calls to him. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). Also, his testimony was inconsistent with a police report, which states that he appeared at the police station in person after he claims to have left Peru. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Additionally, in the absence of credible testimony, Rivasplata–Pecho's lack of corroborating evidence also undermines his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Because Rivasplata–Pecho failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.